UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS LINDLAND and ANNE LINDLAND,<br><br>    Plaintiffs,<br>  v.<br><br>BANK OF AMERICA, N.A. and BAC HOME LOANS SERVICING, LP,<br><br>    Defendants. | Civil Action No.  11-12308<br><br>(Massachusetts Superior Court, Essex County, Civil Action No. 2011-02246-D) |

## NOTICE OF REMOVAL

Defendant Bank of America, N.A., for itself, and as successor by merger to BAC Home Loans Servicing, LP ("Bank of America"), hereby removes the above-captioned action, Civil Action No. 2011-02246-D, currently pending in the Superior Court in Essex County, Massachusetts, Lawrence Division, to the United States District Court for the District of Massachusetts.  Removal is based on 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction) and is authorized by 28 U.S.C. §§ 1441 and 1446.  As grounds for removal, Bank of America states as follows:

## BACKGROUND

1. On or about December 1, 2011, Plaintiffs Douglas Lindland and Anne Lindland ("Plaintiffs") filed a Complaint with the Clerk of the Superior Court for Essex County, Massachusetts ("State Court").  In the State Court, this action was assigned Civil Action Number 2011-02246-D.  Attached hereto as Exhibit A is a copy of all process and pleadings served upon Bank of America in the State Court action.

2. The Complaint purports to assert claims for alleged violations of the Truth In Lending Act, 15 U.S.C. § 1601, *et seq.*, ("TILA") and Regulation Z, the Home Ownership and

Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*, ("RESPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, ("FCRA"), the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq.*, the federal Home Affordable Modification Program ("HAMP"), and the Civil Rackateer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO").

      3.      The Complaint also purports to assert claims for impairment of credit rating, defamation, breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, fraud in the inducement, misrepresentation, negligent servicing, unjust enrichment, estoppel, intentional and negligent inflection of emotional distress, negligence, tortious interference with contractual relations, and violation of Massachusetts General Laws Chapter 93A.

      4.      All of the claims in the Complaint arise out of either the origination or servicing of the mortgage on Plaintiffs' residence in Massachusetts, or the alleged refusal to modify Plaintiffs' mortgage loan.

## **STATUTORY REQUIREMENTS – 28 U.S.C. §§ 1331, 1332, 1441, & 1446**

      5.      Removal of this case is proper pursuant to 28 U.S.C. § 1441(a), which entitles a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction).

      6.      <u>Federal Question Jurisdiction</u>.  This Court has original jurisdiction over Plaintiffs' action under 28 U.S.C. § 1331 because Plaintiffs seek recovery under the laws of the United States, specifically, TILA, HOEPA, RESPA, FCRA, FDCPA, RICO, and the federal program,

HAMP.  Plaintiffs' federal claims arise from the origination or servicing of Plaintiffs' mortgage loan, and/or the alleged refusal of a mortgage loan modification.  Specifically, Plaintiffs allege that Bank of America violated TILA, HOEPA and RESPA by failing to disclose certain information related to their mortgage loan prior to or at the time of closing.  Ex. A (Compl. at ¶¶ 92-93, 97-98, 102).  Plaintiffs also allege that Bank of America violated FCRA, FDCPA and RICO with respect to the servicing of Plaintiffs' mortgage.  *Id.* (Compl. at ¶¶ 106-110, 126-128, 138).  Plaintiffs further allege Bank of America violated RICO and HAMP with respect to the Plaintiffs' loan modification request.  *Id.* (Compl. at ¶¶ 133-135, 138).

7. <u>Supplemental Jurisdiction</u>.  This Court has supplemental jurisdiction over Plaintiffs' Massachusetts General Laws Chapter 93A claim, as well as Plaintiffs' purported state common-law claims for impairment of credit rating, defamation, breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, fraud in the inducement, misrepresentation, negligent servicing, unjust enrichment, estoppel, intentional and negligent inflection of emotional distress, negligence, and tortious interference with contractual relations as these claims are so related to the federal claims that they form part of the same case or controversy.  28 U.S.C. § 1367.  Plaintiffs' state-law claims do not raise novel or complex issues of state law or substantially predominate over their federal claims.  *See id.* § 1367(c).

8. <u>Diversity of Citizenship</u>.  Removal of this case is proper pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

9. Diversity of citizenship exists where the parties to an action are citizens of different States.  *See* 28 U.S.C. § 1332(a)(1).

3

10. Upon information and belief, Plaintiffs are citizens of Massachusetts. Ex. A (Compl. ¶ 1).

11. Bank of America is, and at all times relevant to this action was, a national banking association with its principal and main place of business in Charlotte, North Carolina. Bank of America's articles of association designate North Carolina as the location of its main office.

12. Therefore, Bank of America is a citizen of North Carolina for diversity purposes. *See Wachovia v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that, for diversity purposes, a national bank is a citizen of the state designated in its articles of association as its main office).

13. <u>Amount in Controversy</u>. To qualify for diversity jurisdiction, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a).

14. Although Bank of America denies that Plaintiffs are entitled to recover any amount, and specifically denies that Plaintiffs are entitled to any relief whatsoever, the Complaint's allegations primarily relate to damages incurred as a result of Bank of America's alleged refusal to modify Plaintiffs' loan and alleged statutory violations.

15. Plaintiffs, in particular, allege that damages "are likely to exceed $25,000." Ex. A (Compl. ¶ 4).

16. In addition, Plaintiffs allege they are entitled to treble damages in connection with Bank of America's alleged RICO violation. Ex. A (Compl. ¶ 141).

17. Although Bank of America contends that Plaintiffs would not be entitled to treble damages even if they succeed in their underlying claims, the Court can properly consider the claim for treble damages in determining the amount in controversy for the purposes of establishing diversity jurisdiction, regardless whether Plaintiffs would ultimately succeed in

being awarded such damages. *See F.C.I. Realty Trust v. Aetna Casualty & Surety Co.*, 906 F. Supp. 30, 32 n.1 (D. Mass 1995).

19. If treble damages are applied to the amount Plaintiffs allege in their Complaint, then the amount in controversy exceeds the $75,000 threshold set by 28 U.S.C. § 1332(a) before attorneys' fees or any other elements of Plaintiffs' claimed damages are considered.

19. For these reasons, complete diversity exists among the parties to this action.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

20. <u>Removal to Proper Court</u>. This Court is part of the "district and division" embracing the place where this action was filed – Essex County, Massachusetts. *See* 28 U.S.C. § 1446(a).

21. <u>Removal is Timely</u>. Bank of America is entitled to remove this action from the State Court at any time up to 30 days after formal service of a complaint. *See* 28 U.S.C. § 1446(b). The Complaint in this action was served on Bank of America on or around December 6, 2011. Therefore, Bank of America's removal is timely because it removed this action within 30 days as required by 28 U.S.C. § 1446(b).

22. <u>Consent of All Defendants</u>. BAC Home Loans Servicing, LP has merged into Bank of America, N.A. Therefore, because BAC Home Loans Servicing, LP is not a proper party, and Bank of America, N.A. has appeared as successor by merger to BAC Home Loans Servicing, LP, consent of BAC Home Loans Servicing LP is neither applicable nor required.

23. <u>Pleadings and Process</u>. Attached hereto as Exhibit A is a copy of all pleadings and process in the State Court action that have been served upon Bank of America. No State Court orders have been served on Bank of America. *See* 28 U.S.C. § 1446(a). Pursuant to Local Rule 81.1(a), Bank of America will file certified or attested copies of all records, proceedings,

and docket entries in the State Court within 28 days of the filing of this Notice of Removal. Bank of America has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

24.     Notice.  Bank of America will promptly serve upon Plaintiffs' counsel and file with the Clerk of the Superior Court for Essex County, Massachusetts, Lawrence Division, notice of the filing of this Notice of Removal.  *See* 28 U.S.C. §§ 1446(a) and (d).  Bank of America will also file a Notice of Filing Notice of Removal, pursuant to 28 U.S.C. § 1446(d), with the Clerk of the Superior Court for Essex County, Massachusetts, Lawrence Division.  The Notice of Filing Notice of Removal is attached hereto as Exhibit B.

25.     Signature.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

26.     Bond and Verification.  Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal.  Pursuant to Section 1016 of the Act, this Notice need not be verified.

27.     Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332, and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, this action should proceed in the United States District Court for the District of Massachusetts, as an action properly removed thereto.

Respectfully submitted,

BANK OF AMERICA, N.A., FOR ITSELF,
AND AS SUCCESSOR BY MERGER TO
BAC HOME LOANS SERVICING, LP

By its attorney,

/s/ Laura S. Craven
Laura S. Craven (BBO # 652276)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
Tel.: 617-570-1000
Fax: 617-523-1231
lcraven@goodwinprocter.com

Dated: December 27, 2011

## CERTIFICATE OF SERVICE

I, Laura S. Craven, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those indicated as non-registered participants on December 27, 2011.

/s/ Laura S. Craven
Laura S. Craven